### 7688

### GUTHKE v. SOUTHERN RY.—CAROLINA DIVISION.

RAILROADS—WILFULNESS.—While there may be doubt of a recovery for wantonness in running locomotives and cars so near a dwelling as to make it unsafe by causing vibration, constantly blowing smoke into it and breaking down the fence, there can be none that such recovery may be had for emptying and washing locomotives and tenders so that the premises would knowingly be flooded with water and the continuance after notification and request to stop.

Before Dantzler J. Charleston October 1909.  Affirmed.

Action by Angela Eva Guthke against Southern Railway —Carolina Division.  From judgment for plaintiff, defendant appeals.

*Mr. Joseph W. Barnwell* for appellant, cites: *Punitive damages for nuisance:* 11 Rich. 283; 24 Conn. 132; 7 Ind. 83; 60 Md. 358; 64 Miss. 682; 85 S. C. 1; 76 S. C. 193. *Punitive damages for negligence:* 57 S. C. 228; 60 S. C. 48; 74 S. C. 102; 66 S. C. 77; 64 S. C. 242; 72 S. C. 442; 52 S. C. 210; 84 S. C. 448; 79 S. C. 151; 72 S. C. 1; 84 S. C. 536; 64 S. C. 423; 68 S. C. 98; 81 S. C. 24; 72 S. C. 256; 73 S. C. 385; 76 S. C. 529; 77 S. C. 404; 79 S. C. 160; 80 S. C. 207; 84 S. C. 477; 82 S. C. 87, 510.  *Punitive damages for delaying baggage:* 83 S. C. 498; 76 S. C. 193.

*Messrs. vonKolnitz & Waring,* contra, cite: *Punitive damages are recoverable here:* 54 S. C. 505; 34 S. C. 311; 69 S. C. 165.

October 18, 1910.  The opinion of the Court was delivered by

Mr. Justice Woods.  This appeal is from a judgment recovered by the plaintiff against the defendant under a complaint which alleged tortious acts of the defendant resulting in injury to a house and lot of the plaintiff contiguous to the defendant's railroad yard in the city of Charleston.  The specific allegations of the complaint are the "gross, wilful and wanton negligence of the defendant in the construction and operation of its property," (1) in running its locomotives and cars over its tracks and turntable so that the house of the plaintiff was injured and made unsafe by the vibration, (2) in so emptying and washing locomotives and tenders that plaintiff's premises were flooded with water and thus made unsafe, uncomfortable and undesirable, (3) in

running engines on the tracks and turntable so that smoke was almost constantly blown into the buildings and (4) in breaking down plaintiff's fence by running engines and cars against it.

The sole question made by the exceptions is whether the Court erred in refusing a motion for nonsuit as to the alleged cause of action for wilfulness and wantonness, and in refusing to charge that there could be no recovery of punitive damages.

If the question depended on the evidence adduced in support of the first, third and fourth specifications of tortious action on the part of the defendant, the argument in support of the exceptions would be very strong. But we think there can be no doubt that there was evidence of defendant's wilful invasion of plaintiff's rights in flooding her premises with water. The plaintiff testified that water was thrown into her yard by defendant's employees in cleaning out the engines and tenders many times from November 5th, 1905, to April 7th, 1906,—a period of five months. The situation of the property was such that it is hardly possible that the defendant's employees could have failed to see that in throwing water into the yard they were invading the premises of the plaintiff to her injury. But aside from that, the plaintiff testified that she by letter several times complained of the flooding of her yard, but got no relief until April, 1906, when the defendant relieved her by digging a ditch to carry off the water. This evidence certainly tends to show that defendant's employees knew that they were violating plaintiff's rights, and yet for several months continued the trespass, when the waste water could have been easily disposed of with little or no inconvenience by the simple expedient of digging a ditch to carry it off. It follows that there was no error in refusing the motion for a nonsuit, and in refusing to instruct the jury that there was no evidence of wilful violation of plaintiff's rights. The cases supporting this con-

clusion, under such evidence as was here adduced, are so numerous and familiar that citation of them is unnecessary.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.